D. W. MULFORD vs. COON, Executor.

E. A. MULFORD vs. COON, Executor.

*Will construed.*

A will contained the following provision : " I will unto my son D. W. all the value contained in three certain parcels of land conveyed to him by me by deed on the 10th of October, 1859, excepting and reserving the sum of $1,000, with interest, according to certain notes given by the said D. W. ; which said sum of $1,000 is to be added to my personal estate." *Held*, that, on its face, this must be construed to mean that said lands had been conveyed to D. W. by way of advancement, subject to the payment of $1,000, and not to be a bequest of money equal to the value of the land.

APPEALS from the Circuit Court for *Walworth* County.

These cases came into the circuit court upon appeal from an order of distribution made by the county judge, and turned upon the construction of the following clauses in the will of E. A. Mulford, deceased : "Item 2. I will unto my eldest son, *Delos White Mulford*, all the value contained in three certain parcels of land, conveyed to him by me by deed on the 10th day of October, 1859, excepting and reserving the sum of one thousand dollars, with interest, according to certain notes given by the said *Delos*, which said sum of $1,000, and interest, is to be added to my personal estate." Item 3 was in the same words as the above, except that the person named in it was the testator's youngest son, *Ezra H. Mulford, Jun.*, and the amount excepted and reserved was $1,200 and interest. The testator gave a legacy to one M., and to his widow the income of the residue of his personal property, and the use of his real estate during life, and after her death the residue of his personal estate, and his real estate, to his four daughters in equal shares. The widow died before order of distribution was

made. The circuit judge admitted evidence showing that the testator had taken a mortgage from each of his sons on the land referred to in the will as having been conveyed to them, to secure the notes given by them respectively for the sums above mentioned, and evidence showing the condition and circumstances of the testator, and explanatory of his intent in making the will; and found, as well from a consideration of the will itself as from the parol evidence, that the testator intended to devise to the appellants respectively only such interest as he, the testator, might have in the lands referred to, at the time of his decease (reserving the amount of the notes given by each son, and the mortgage interest, as security therefor), and that he did not intend to bequeath to them sums -of money equal in value to said lands. Judgment accordingly, affirming the order of distribution made by the county court; and *Delos W. Mulford* and *Ezra A. Mulford, Jun.*, appealed.

*H. S. Winsor*, for appellants.

*Spooner & Harkness* (with *H. S. Conger*, of counsel), *contra*.

PAINE, J. It is unnecessary to consider whether all the parol evidence admitted in the court below, showing the situation and circumstances of the testator and his family, was properly admitted or not. Without any such evidence, the will should be construed, on its face, as the court below construed it. The second and third items of the will were evidently inserted merely for the purpose of showing that the lands therein referred to were conveyed to the sons by way of advancement, and constituted the entire portions which the testator intended for them. There is no language capable of being construed to mean that he willed each of them a sum of money equal to the value of the lands previously conveyed. He says he wills to each "the value contained in the lands" previously conveyed to him. And that

this might not be held to be a release of the notes and mortgages which he had taken from his sons, he carefully excepted the amount of each, and directed that they should continue part of his personal estate. If, as the appellants assume, he had had the design of bequeathing to each an additional sum of about $2,000, he would naturally have directed the note and mortgage of each to be canceled and released, and then have specified such further sum as he wished to give. But the language, as used, excludes any such intention.

*By the Court.* — The judgments of the circuit court are affirmed.